762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TERRENCE K. BRADY, PLAINTIFF-APPELLANT,
v.
H. FOSTER PETTIT, INDIVIDUALLY AND AS FORMER MAYOR
OFLEXINGTON-FAYETTE URBAN CHAIRMAN; SIDNEY KINKEAD, JR.,
CHAIRMAN; JULIAN A. JACKSON, SR., MEMBER; WILFRED T. SEALS,
MEMBER; WALTER LEET, JR., MEMBER; WANDA V. CRANFILL, MEMBER;
INDIVIDUALLY AND CHAIRMAN AND MEMBERS OF LEXINGTON-FAYETTE
URBAN CO. GOVERNMENT CIVIL SERVICE COMMISSION, DEFENDANTS-APPELLEE.
 NO. 84-5198
 United States Court of Appeals, Sixth Circuit.
 3/4/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF KENTUCKY
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and BROWN, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 This case presents the question of whether an action under 42 U.S.C. Sec. 1983 for damages arising from the discharge of a Kentucky civil service employee because of the exercise of his First Amendment rights is more analogous to an action for breach of a written contract or to an 'action for an injury to the rights of plaintiff not arising on contract and not otherwise enumerated?' We hold that the latter analogy is closer under the facts of this case and affirm the judgment of the district court.
 
 
 2
 Plaintiff, Terrance K. Brady, filed his complaint on October 3, 1983 against the mayor and the members of the Civil Service Commission of the Lexington-Fayette Urban County Government. He alleged that nine years earlier he had been wrongfully discharged from his position as Director of Personnel of Lexington-Fayette Urban County Government because of the exercise of his First Amendment right to free speech. He alleged that under the laws of Kentucky he had a property right in his former position. Brady alleged that the making of the statements in question had not constituted 'misconduct' so as to authorize his termination.
 
 
 3
 The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The defendants alleged that the action was barred because the statute of limitations had run. The district court agreed and dismissed the action.
 
 
 4
 Because there is no federal statute of limitations governing actions brought under 42 U.S.C. Sec. 1983, the district court must look to 'the statute of limitations of the state where it sits which would be applicable to the most closely analogous state action to determine the time within which the cause of action must be commenced.' Mason v. Owens-Illinois, Inc., 517 F.2d 520, 521 (6th Cir. 1975). The defendants contend that because Brady seeks redress for an alleged violation of his right to free speech, the most analogous Kentucky statute of limitation is found in Ky. Rev. Stat. Sec. 413.120(7), which states:
 
 
 5
 The following actions should be commenced within five years after the cause of action accrued:
 
 
 6
 .............................................................
 
 
 7
 ...................
 
 
 8
 * * *
 
 
 9
 (7) An action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated.
 
 
 10
 Brady argues that his suit is more analogous to an action on a written contract, and, therefore, is governed by the fifteen-year statute of limitations set forth in Ky. Rev. Stat. Sec. 413.090(2), which provides:
 
 
 11
 . . . the following actions shall be commenced within fifteen years after the cause of action first accrued:
 
 
 12
 .............................................................
 
 
 13
 ...................
 
 
 14
 * * *
 
 
 15
 (2) An action upon a . . . written contract.
 
 
 16
 In deciding this issue, we must look to 'the interest . . . sought to be protected, and the operative facts comprising the claim.' Hines v. Board of Education, 492 F. Supp. 469, 472 (E.D. Ky. 1980), aff'd, 667 F.2d 564 (6th Cir. 1982). The interest Brady is seeking to protect is his First Amendment right to free speech. To prevail in his section 1983 action, Brady would only have to show that he had been fired for engaging in protected activity. Whether he had a contractual interest in his job would be irrelevant to that claim. Therefore, the most closely analogous statute of limitations is Ky. Rev. Stat. Sec. 413.120(7).
 
 
 17
 Accordingly, the judgment of the district court is AFFIRMED.