**Roger H. MASON, Plaintiff-Appellant,**

v.

**OWENS–ILLINOIS, INC.,
Defendant-Appellee.**

No. 74–1770.

United States Court of Appeals,
Sixth Circuit.

June 10, 1975.

William T. Johnson, Columbus, Ohio, for plaintiff-appellant.

Lester S. Lash, Vorys, Sater, Seymour & Pease, Robert F. Weaver, Jr., Columbus, Ohio, for defendant-appellee.

Before MILLER and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

ENGEL, Circuit Judge.

In this appeal we are called upon to decide the question of which Ohio statute of limitations should be applied to an action brought under 42 U.S.C. § 1981,

wherein plaintiff Roger H. Mason alleged racial discrimination in the employment practices of defendant, Owens-Illinois, Inc. The district court dismissed Mason's § 1981 cause of action presumably because it was barred by the applicable Ohio statute of limitations.[1] We reverse.

Congress did not specifically incorporate a statute of limitations into § 1981. Both parties agree, however, that the federal district court must apply the statute of limitations of the state where it sits which would be applicable in the most closely analogous state action to determine the time within which the cause of action must be commenced. 28 U.S.C. § 1652, O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914), Garner v. Stephens, 460 F.2d 1144 (6th Cir. 1972), Madison v. Wood, 410 F.2d 564 (6th Cir. 1969), Franks v. Bowman Transportation Company, 495 F.2d 398 (5th Cir. 1974).

Mason's complaint, filed in the district court on November 3, 1972, alleged that for sixteen years he had been employed by Owens-Illinois until his discharge in August, 1970. He alleged further that the company unlawfully discriminated against him ". . . solely because of his race in refusing to promote him to journeyman's status and rate in the same fashion as it had promoted white employees, and in wrongfully discharging plaintiff." He claimed this conduct violated 42 U.S.C. § 1981 which provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Mason sought reinstatement as an employee of Owens-Illinois, compensatory damages of $30,000 and punitive damages of $50,000.

Owens-Illinois urges that the statute of limitations applicable to the most analogous cause of action under Ohio law is the one year limitation contained in the Ohio Civil Rights Act, O.R.C. § 4112.05(B).[2] Mason, on the other hand, urges that since his cause of action under § 1981 is an action ". . . upon a liability created by statute . . .", O.R.C. § 2305.07 should apply. That section provides:

Except as provided in section 1302.-98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.[3]

In Garner v. Stephens, *supra*, this court was asked to determine which Kentucky statute of limitations was to be applied to an action brought in the federal court in that state under 42 U.S.C. § 1983. The defendants in *Garner* argued that the court should apply

---

**1.** The district court's dismissal of Mason's cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f) is not challenged on appeal, appellant admitting it was not timely filed.

**2.** O.R.C. § 4112.05(B) provides in part:

(B) Whenever it is charged in writing and under oath by a person, referred to as the complainant, that any person, referred to as the respondent, has engaged or is engaging in unlawful discriminatory practices, or upon its own initiative in matters relating to any of the unlawful discriminatory practices enumerated in divisions (A), (B), (C), (D), (E), (F), (I), or (J) of section 4112.02 of the

Revised Code, the commission may initiate a preliminary investigation. Such charge shall be filed with the commission within six months after the alleged unlawful discriminatory practices are committed.

\* \* \* \* \* \*

Any complaint issued pursuant to this section must be so issued within one year after the alleged unlawful discriminatory practices were committed.

**3.** O.R.C. § 1302.98, dealing with the statute of limitations applicable to contracts for the sale of goods, is not relevant here.

the 90 day period of limitations for filing a complaint with the Kentucky Civil Rights Commission contained in K.R.S. § 344.200. In rejecting this contention, Judge Kent observed:

"We find this statute inapplicable since by its terms it does not apply to actions commenced in the Courts." Garner v. Stephens, *supra*, at 1148.

Instead, the court found most appropriate Kentucky's five-year statute of limitations applicable to "An action upon a liability created by statute . . ." K.R.S. § 413.120(2).

The same considerations lead us to conclude that the most appropriate statute of limitations is O.R.C. § 2305.07. Contrary to the contentions of Owens-Illinois, we find no distinction of substance between the circumstances in *Garner* and those here. The Ohio Civil Rights Act sets up an administrative, as contrasted to a judicial, procedure. Section 4112.05(B) contains two relatively short periods of limitations: a six months period in which charges can be filed by the injured party with the Commission after the alleged discriminatory conduct has occurred, and a one year period after the alleged unlawful discriminatory practices in which the Commission may file a formal complaint. This one year period, urged here by Owens-Illinois, applies only to action taken by the Ohio Civil Rights Commission itself, and hardly seems applicable to an action under § 1981 by a private litigant.

An examination of cases in other circuits reveals a reluctance by courts to apply the shorter period of limitations customarily provided by state law for filing administrative complaints to actions brought under § 1981. In Waters v. Wisconsin Steel Wks. of Internat'l. Harvester Co., 427 F.2d 476 (7th Cir. 1970), defendant sought to have applied the 120-day filing period for a discrimination claim under the Illinois Fair Employment Practices Act, Ill.Rev.Stat. Ch. 48 § 851 et seq. (1967), to plaintiff's action brought under § 1981. We find persuasive here the reasons given by the Seventh Circuit in rejecting that limitations period:

We are not convinced that the Illinois F.E.P.A. is the most analogous state action under these provisions. The Illinois act provides only for an administrative remedy and review of the F.E.P.C.'s findings in the state courts. Different considerations obviously apply to suits by private litigants in courts of law. In contrast to the Illinois F.E.P.A., the entire burden of investigating and developing a case under section 1981 lies with the private litigant. Furthermore, the short limitations period contained in the Illinois act is designed to encourage conciliation and private settlement. When an aggrieved party seeks court relief, conciliation has generally failed. *Waters, supra* at 488. See also Smith v. Perkin-Elmer Corporation, 373 F.Supp. 930 (D.C.Conn.1973).

Plaintiff's action is founded upon a federal statute, 42 U.S.C. § 1981, creating a cause of action unknown at common law. We conclude that the most analogous action under state law would be an action upon a liability created by statute within the meaning of O.R.C. § 2305.07. Since the period of limitations contained therein is six years, and plaintiff's complaint was filed slightly more than two years after the alleged discriminatory conduct occurred, his action was not barred by the statute of limitations. Thus, the district court erred in dismissing the complaint.

■ Owens-Illinois has also argued that even if the cause of action under § 1981 is not barred by the statute of limitations, it should in any event be barred by Mason's failure timely to pursue his remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f). In so arguing, appellee urges that we reconsider our recent decision in Long v. Ford Motor Co., 496 F.2d 500 (6th Cir. 1974). We decline to do so for the reasons stated by Judge Celebrezze in that opinion.

Accordingly, the judgment of the district court is reversed.