**Gayle J. HINES, Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION OF
COVINGTON, KENTUCKY, et
al., Defendants-Appellees.**

No. 80–3534.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 2, 1981.

Decided Jan. 8, 1982.

Bernard J. Blau, Beverly R. Storm, Jolly, Johnson, Blau & Parry, Newport, Ky., for plaintiff-appellant.

Richard S. Nelson, Bruce McClure, Covington, Ky., Louis DeFalaise, Covington, Ky., for Blade and Bennett.

Before EDWARDS, Chief Judge, MARTIN and JONES, Circuit Judges.

PER CURIAM.

In this case appellant Gayle Hines appeals from the order dismissing her civil rights action filed under § 1983 because, as found by the District Judge, it was barred by the applicable Kentucky statute of limitations.

Appellant Hines was a non-tenured teacher in the Covington schools. In her fourth year of teaching, the Board Superintendent, according to her complaint, accused her of involvement in illicit sex and illegal drugs and requested her resignation. She denied the charges and refused to resign. Thereafter Hines' name was omitted from the list of teachers recommended for re-employment. As reasons for non-renewal the Superintendent charged unprofessional conduct and conduct amounting to insubordination. When Hines requested a hearing before the Board on her renewal, her requests were denied.

After unsuccessfully litigating a state law claim that she had been illegally "dismissed," appellant filed her current action under Title 42 U.S.C. § 1983, claiming a federal due process violation in the failure of the Board to grant her a hearing to refute charges made against her.

The District Judge in an opinion[1] dated July 3, 1980 ruled that under the fact situa-

---

1. We have considered the District Judge's suggestion that a uniform statute of limitations for actions under § 1983 would be helpful to the federal trial courts. Congress, however in 1866 did not provide one and neither has the U. S. Supreme Court, note *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), both Justice Marshall's opinion for the court (p. 585, 98 S.Ct. p. 1992) and Justice

Blackmun's dissent (p. 595, 98 S.Ct. p. 1997). Also see 42 U.S.C. § 1988 with its reference to state law:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in

tion here involved, the most analogous state law statute of limitations was that of an action for slander as to which Kentucky applies a one-year limitation under K.R.S. 413.140. He thereupon dismissed the complaint.

Our review of this record occasions our affirming for the reasons set forth in the opinion of the District Judge referred to above.

conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having juris-

diction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.