Laurel C. THOMAS, Plaintiff-Appellant,

v.

Walter SHIPKA, in his capacity as Clerk of the Parma Municipal Court, Defendant-Appellee.

No. 86–3230.

United States Court of Appeals, Sixth Circuit.

Decided and Filed Sept. 25, 1987.

Argued March 13, 1987.

Rehearing and Rehearing En Banc Denied Nov. 18, 1987.

Edward G. Kramer (argued), Kramer & Tobocman, Cleveland, Ohio, for plaintiff-appellant.

Andrew Boyko, Stephan P. Bond (argued), Parma, Ohio, for defendant-appellee.

Before ENGEL, KRUPANSKY and GUY, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

On Petition for Rehearing.

Subsequent to the issuance of our original decision in this case (reported at 818 F.2d 496 (6th Cir.1987)), plaintiff filed a timely petition for rehearing. The plaintiff's request for rehearing only concerned Part II of our opinion, in which we affirmed the district court's dismissal of plaintiff's 42 U.S.C. § 1983 claim on the basis that it was time-barred. The district court reached this conclusion based upon this court's decision in *Mulligan v. Haz-* ard, 777 F.2d 340 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). In *Mulligan* this court followed the dictates of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and chose a one-year statute of limitations to be applied to all § 1983 actions brought in the state of Ohio. The *Mulligan* panel further determined that its ruling was to be applied retroactively because it felt constrained to apply *Wilson* retroactively. Although plaintiff, in the original appeal, asked us to reconsider the retroactive application of *Mulligan,* we were unable to do so since a subsequent panel is bound by the decision of a prior panel on the same issue.

In the petition for rehearing, plaintiff contended that the *Mulligan* precedent was no longer valid in light of *St. Francis College v. Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), wherein the Supreme Court held, *inter alia,* that the question of the retroactive application of a recently adopted statute of limitations should be analyzed in accordance with the principles set forth in *Chevron v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Further, on June 19, 1987, the Supreme Court announced its decision in *Goodman v. Lukens Steel Co.,* —— U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), reaffirming the use of the *Chevron* analysis when deciding whether or not to apply a statute of limitations retroactively.[1] Both *St. Francis College* and *Goodman* involved claims brought under 42 U.S.C. § 1981, whereas the plaintiff's claims in the instant case were filed pursuant to 42 U.S.C. § 1983. Nevertheless, we find that the Supreme Court rulings are controlling in the case at bar.

---

1. Although the *Mulligan* court did not elaborate, it is clear that it felt compelled to apply *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), retroactively due to this court's earlier decision in *Smith v. General Motors Corp.,* 747 F.2d 372 (6th Cir.1984). In *Smith* we developed a rule for determining the retroactivity of Supreme Court decisions predicated upon whether the Supreme Court had applied its decision to the case before it. If it did, we concluded that the Supreme Court was demonstrating its intent that its decision should be applied retroactively. However, the Supreme Court's decision in *St. Francis College,* as well as its decision in *Goodman,* clearly make the rationale of *Smith* suspect. We conclude that *Smith* can no longer be the law in this circuit in light of the more recent Supreme Court pronouncements.

■ On June 26, 1987, the Supreme Court issued a summary order vacating the judgment of this court in *Vodila v. Clelland,* 802 F.2d 460 (6th Cir.1986), and remanding the case for further consideration in light of *Goodman* and *St. Francis College. See* —— U.S. ——, 107 S.Ct. 3255, 97 L.Ed.2d 754. Significantly, *Vodila* involved a claim brought under § 1983 and a panel of this court, relying on the same precedent we cited in Part II of *Shipka,* applied a per se rule of retroactivity thereby barring plaintiff's claims under the newly selected one-year statute of limitations. The Supreme Court's action taken with respect to *Vodila* compels the conclusion that the one-year statute of limitations adopted in *Mulligan* for all § 1983 claims brought in Ohio is *not* to be automatically applied retroactively and that the decision as to retroactivity must be made on a case-by-case basis.[2] Accordingly, we grant plaintiff's petition for rehearing in order to determine whether *Chevron* requires that the one-year statute of limitations adopted subsequent to plaintiff's filing suit be applied retroactively or prospectively.[3] After applying the *Chevron* analysis to the facts of this case, we conclude that the retroactive application of the one-year limitation period adopted in *Mulligan* is appropriate here.

### I.

In order to apply the *Chevron* analysis, we must first set forth a brief chronology of the major procedural events in this case and the relevant legal developments which occurred during that period. Plaintiff was discharged from her job with the Parma Municipal Courts on April 7, 1983. Nearly two years later, on April 5, 1985, plaintiff filed suit in federal district court alleging that her termination was politically motivated and was effected without due process thereby giving rise to a cause of action under 42 U.S.C. § 1983 predicated on alleged violations of the first and fourteenth amendments to the United States Constitution. Less than two weeks after the plaintiff filed her suit, the Supreme Court issued its opinion in *Wilson v. Garcia,* instructing federal courts "to select, in each State, the *one* most appropriate statute of limitations." 471 U.S. at 275, 105 S.Ct. at 1947 (emphasis added). Prior to *Wilson,* the federal courts had been applying a variety of different state statutes of limitations to claims filed under 42 U.S.C. § 1983 depending on which state law cause of action was most closely analogous to the factual circumstances which gave rise to the federal claim.

Shortly after the Supreme Court's decision in *Wilson,* the defendant filed a motion to dismiss alleging a statute of limitations defense based on the one-year limitation period contained in Ohio Rev.Code Ann. § 2305.11 (Anderson 1981), which applied to actions for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice.[4] The district court denied the motion finding that *Wilson* called for the application of Ohio's two-year statute of limitations for general personal injury actions contained in Ohio Rev.Code Ann. § 2305.10 (Anderson 1981).[5] Approximately four months later, this court issued its decision in *Mulligan v. Hazard,* wherein we compared the two statutes of limita-

---

2. Our conclusion that *Goodman* and *St. Francis College* are applicable to § 1983 cases is consistent with our recent decision in *Demery v. City of Youngstown,* 818 F.2d 1257 (6th Cir. 1987), wherein we held that the same one-year Ohio statute of limitations applied equally to §§ 1981 and 1983 controversies. *Id.* at 1261.

3. We emphasize that the grant of rehearing is limited to the retroactivity issue discussed in Part II of our previous opinion. Our rulings in Parts I and III of that opinion remain unaffected by the conclusions reached in the discussion of the issue presented on rehearing.

4. We note that the Ohio Revised Code has recently been amended to create a separate statute governing claims for assault and battery. *See* Ohio Rev.Code Ann. § 2305.111 (Supp.1986). The same one-year limitation period has been retained for both statutes; therefore, the amendment does not affect our analysis in the instant case. *See Mulligan,* 777 F.2d at 343 n. 4.

5. Ohio Rev.Code Ann. § 2305.10 (Anderson 1981) provided in part: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." The current version of the statute, which appears at Ohio Rev.Code Ann. § 2305.10 (Supp.1986), retains this identical language.

tions and concluded that the one-year limitation period contained in section 2305.11 should be applied to all claims brought under 42 U.S.C. § 1983 in federal courts located within the state of Ohio. 777 F.2d at 344. The *Mulligan* court also held that this statute should be applied retroactively. *Id.* In response to *Mulligan*, the district court dismissed the plaintiff's claims *sua sponte* finding that they were untimely.

## II.

The general rule is that federal cases should be decided in accordance with the law existing at the time of the decision;[6] hence, there is a presumption in favor of applying the one-year limitation period selected in *Mulligan* retroactively to the plaintiff's claims. But in *Chevron*, the Supreme Court cautioned against the retroactive application of decisions adopting a new statute of limitations, setting forth a three-part test to be used when making such a determination:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this court could produce substantial inequitable results if applied retroactively, there is ample basis in our

cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." 404 U.S. at 106–107, 92 S.Ct. at 355 (citations omitted).

Of the three factors described above, the first one is the most important for purposes of our analysis in this case. Plaintiff contends that we should not give retroactive effect to our decision in *Mulligan* because that case represented a departure from clear precedent which had established a longer period of limitations for § 1983 claims filed in Ohio. The Supreme Court agreed with a similar argument in *St. Francis College* where it upheld the Third Circuit's refusal to apply a two-year limitations period retroactively because, at the time plaintiff had filed his complaint in 1978, a six-year period had been clearly established by Third Circuit precedent. *See Al-Khazraji v. St. Francis College,* 784 F.2d 505, 514 (3rd Cir.1986), *aff'd,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). In contrast, the Supreme Court upheld the retroactive application of the two-year limitation period in *Goodman* which also involved a § 1981 claim filed by a plaintiff in federal district court in Pennsylvania. The distinguishing fact was that the plaintiffs in *Goodman* had filed their claims in 1973, *before* the six-year limitations period had been clearly established as being applicable to § 1981 claims for employment discrimination filed in Pennsylvania. Therefore, the *Goodman* court could apply the two-year limitations period to bar some of the plaintiffs' claims since they were not entitled to rely on the six-year statute of limitations which was not firmly established until 1977. *See Goodman,* —— U.S. at ——, 107 S.Ct. at 2620–2621.[7]

---

**6.** *See Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981).

**7.** The Supreme Court's analysis of this issue in *Goodman* is highly instructive to our inquiry in the instant case:

It is true, as the petitioners in No. 85–1626 point out, that the Court of Appeals decision in this case overruled prior Third Circuit cases, *Meyers v. Pennypack Home Ownership Assn.,* 559 F.2d 894 (1977); *Davis v. United States Steel Supply, Div. of United States Steel*

*Corp.,* 581 F.2d 335, 338, 341, n. 8 (1978), each of which had refused to apply the Pennsylvania 2–year personal injury statute of limitations to the § 1981 claims involved in those cases. But until *Meyers* was decided in 1977, there had been no authoritative specification of which statute of limitations applied to an employee's § 1981 claims, and hence no clear precedent on which petitioners could have relied when they filed their complaint in this case in 1973. In a later case, *Al-Khazraji v. St. Francis College,* 784 F.2d 505, 512–14 (CA3 1986), the Court of Appeals refused to apply

Not only did the first factor provide the decisive difference between the outcomes in *Goodman* and *St. Francis College*, it is also inextricably interrelated with the third factor in the *Chevron* analysis which focuses on the equitable considerations involved. If it were shown that the plaintiff had filed a claim within the then established limitations period, it would be inequitable to retroactively impose a shorter limitations period barring the plaintiff's claim. *See, e.g., Fitzgerald v. Larsen,* 769 F.2d 160 (3rd Cir.1985). Conversely, it would not necessarily be inequitable to dismiss the action of a plaintiff who was not justified in relying on the longer limitations period which had not yet been clearly established. *See, e.g., Goodman,* —— U.S. at ——, 107 S.Ct. at 2617–2619. Thus, the importance of the third factor in the *Chevron* analysis is in large part dependent upon the outcome of the analysis under the first part of the test. To a certain extent, the equitable considerations will always militate against the retroactive application of a shorter limitations period if it would result in the dismissal of the plaintiff's claims. This consideration alone, however, is not necessarily determinative. *See, e.g., Goodman, id.*

With respect to the second factor, i.e., whether retroactive application would "further or retard" the operation of the new rule, it has been held that the goals of uniformity and simplicity, which provided the impetus for the Supreme Court's ruling in *Wilson,* were neither enhanced nor diminished by the retroactive application of a

decision adopting a single statute of limitations in response to the *Wilson* mandate. *See Smith v. City of Pittsburg,* 764 F.2d 188, 196 (3rd Cir.), *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). Therefore, the second factor is neutral for purposes of our analysis. *See St. Francis College,* 784 F.2d at 513.

In sum, the crucial inquiry in this case focuses on whether at the time plaintiff filed her case there was a clear precedent upon which she could have justifiably relied establishing a definite limitations period for the type of claim brought by plaintiff under § 1983.

### III.

In the petition for rehearing, plaintiff contends that prior to our decision in *Mulligan* it was well-settled that claims filed pursuant to 42 U.S.C. § 1983 in federal district courts in Ohio were subject to the four-year limitations period contained in Ohio Rev.Code Ann. § 2305.09, which applies to certain torts including trespass, theft, fraud, and any other torts not otherwise provided for by other sections.[8] Plaintiff asserts that this precedent was firmly established as early as 1980 by the district court's decision in *Schorle v. The City of Greenhills,* 524 F.Supp. 821 (S.D. Ohio 1981). In *Schorle,* the plaintiff brought a § 1983 claim against various city officials and police officers alleging that he had been harassed and wrongfully arrested due to racial discrimination. The defendants filed a motion to dismiss arguing, *in-*

---

retroactively the same 2–year statute in an employment discrimination § 1981 case because the case was filed when clear Circuit precedent specified a longer statute. Distinguishing its decision there from the case now before us, the Court of Appeals said: "In 1973, when the complaint was filed in the *Goodman* case, there was no established precedent in the Third Circuit to indicate the appropriate limitations period for Section 1981 claims." 784 F.2d, at 512. It was obviously for this reason that the Court of Appeals here said that its decision "should be given the customary retroactive effect." *Goodman [v. Lukens Steel Co.],* [777 F.2d 113] *supra,* at 120 [ (3rd Cir.1985) ]. The Court cited its prior decision in *Smith v. Pittsburgh,* 764 F.2d 188 ( [3rd Cir.] 1985), a post-*Wilson* case in which the Court of Appeals applied retroactively the 2–

year statute in a § 1983 employment termination case because of the unsettled law in the Third and other circuits. —— U.S. at ——, 107 S.Ct. at 2621–2622 (footnotes omitted).

8. Ohio Rev.Code Ann. § 2305.09 provides in part:

An action for any of the following causes shall be brought within four years after the cause thereof accrued:
  (A) For trespassing upon real property;
  (B) For the recovery of personal property, or for taking or detaining it;
  (C) For relief on the ground of fraud;
  (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in §§ 2305.10–2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

*ter alia*, that plaintiff's claims were barred by the one-year limitation period contained in section 2305.11. In a published order, District Judge Spiegel set forth a lengthy review of cases decided within the Sixth Circuit where courts had selected various state statutes of limitations to apply to different types of § 1983 claims. Judge Spiegel observed that "[t]rial courts have been provided with little guidance in the methods to be used and in making the required analysis." 524 F.Supp. at 822 (quoting *Hines v. Bd. of Educ.*, 492 F.Supp. 469, 472 (E.D.Ky.1980), *aff'd*, 667 F.2d 564 (6th Cir.1982) (*per curiam* )). Judge Spiegel also noted that the Sixth Circuit had previously applied three different statutes of limitations to civil rights claims brought in Ohio.[9] The district court also analyzed several other Sixth Circuit cases arising out of Michigan and Kentucky. After pointing to several inconsistencies in the decisions, the court concluded that the accepted method of analysis, i.e., selecting the most factually analogous state law claim, was unworkable because a § 1983 claim is necessarily "broader" than a simple common law tort.[10] Therefore, the *Schorle* court concluded that one single limitations period should be selected to govern all § 1983 claims arising in Ohio. Rejecting the one-year period in Ohio Rev. Code Ann. § 2305.11 as being contrary to the "broad remedial purposes" of the Civil Rights Act, the court instead opted for the four-year residual statute of limitations contained in section 2305.09.[11]

In support of the contention that *Schorle* established a "clear precedent," plaintiff cites to the subsequent district court decision in *Nash v. City of Oakwood*, 94 F.R.D. 83 (S.D. Ohio 1982). We note, however, that the *Nash* court adopted the six-year limitation period contained in section 2305.-07 as opposed to the four-year period adopted in *Schorle*. *See* 94 F.R.D. at 87 n. 2.[12]

Our review of the cases decided within the Sixth Circuit subsequent to the district court's opinion in *Schorle* demonstrates that *Schorle* was not the final word on the subject. Less than a year after *Schorle* was issued, the Sixth Circuit expressly rejected the suggestion of District Judge Bertelsman that the court adopt a uniform statute of limitations in § 1983 cases. See *Hines v. Bd. of Educ.*, 667 F.2d at 564–65 n. 1 (6th Cir.1982) (*per curiam*) (ex-teacher's § 1983 claims alleging wrongful discharge barred by Kentucky's one-year statute of limitations). Thus, the Sixth Circuit decision in *Hines* substantially undermined the rationale relied upon by Judge Spiegel in support of his opinion in *Schorle*. Moreover, in *Woods v. City of Dayton*, 574 F.Supp. 689 (S.D. Ohio 1983), *aff'd*, 734 F.2d 17 (6th Cir.1984), the district court criticized Judge Spiegel's opinion in *Schorle* stating, "While Judge Spiegel's arguments are sound as a matter of policy and practicality, this court must conclude that they do not reflect, in their entirety, the controlling law in this circuit." 574 F.Supp. at 695. The *Woods* court also noted that "courts and commentators have observed that the Sixth Circuit has arguably been inconsistent and erratic in applying the most 'appropriate' state statute of limitations in civil rights cases." *Id.* at 694 (citations omitted). Rejecting Judge Spiegel's call for a single statute of limitations in all § 1983 cases, the *Woods* court adopted a

---

**9.** *See Austin v. Brammer*, 555 F.2d 142 (6th Cir.1977) (applying one-year statute of limitations for intentional torts (§ 2305.11)); *Mason v. Owens Illinois, Inc.*, 517 F.2d 520 (6th Cir. 1975) (six-year period for action upon a liability created by statute (§ 2305.07)); *Crawford v. Zeitler*, 326 F.2d 119, 121 (6th Cir.1964) (four-year period for injuries to the rights of plaintiff not arising on contract or enumerated elsewhere (§ 2305.09)).

**10.** The court stated:
From this analysis, it is not difficult to understand possible confusion among members of the bar, to say nothing of plaintiffs unschooled in the vagaries of the law, as to

when an action for violation of one's civil rights may be brought.
524 F.Supp. at 825.

**11.** In what appears to be dicta, the district court also seems to suggest that the Sixth Circuit should adopt the six-year limitation period contained in section 2305.07. *See* 524 F.Supp. at 827.

**12.** Apparently, the *Nash* court interpreted *Schorle* as adopting the six-year period rather than the four-year statute of limitations. *See* 94 F.R.D. at 87 n. 2.

bifurcated analysis of the plaintiff's § 1983 claims dividing them according to the supporting factual allegations and holding that those claims analogous to "assault" were barred under Ohio Rev.Code Ann. § 2305.-11, whereas the claims akin to "trespass" were properly brought within the four-year period contained in section 2305.09.

The precedential effect of *Schorle* was further eroded by subsequent federal court decisions which continued to apply different statutes of limitations to § 1983 claims arising within Ohio. For example, in *Kilgore v. City of Mansfield*, 679 F.2d 632 (6th Cir.1982), this court upheld the district court's refusal to apply either the four-year limitation period found in section 2305.09 or the six-year period in section 2305.07, and instead, held that the plaintiff's 42 U.S.C. § 1983 claims based on an allegedly wrongful arrest were barred by the one-year period in section 2305.11 which applied to claims for a "false imprisonment." 679 F.2d at 634.

All three of these cases, *Hines, Woods* and *Kilgore*, were decided in the interim between the issuance of the supposedly definitive decision in *Schorle* and the point at which plaintiff's cause of action accrued. Under these circumstances, we find that the plaintiff was not justified in relying on the *Schorle* decision adopting Ohio's four-year statute of limitations for all § 1983 claims. This court has previously held that a "clean break" does not automatically occur every time an appellate court renders a definitive ruling which clarifies the law by resolving an issue that had previously

been a subject of confusion and conflict amongst the lower courts. *See Lawson v. Truck Drivers*, 698 F.2d 250, 254 (6th Cir.), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). The conflicting precedents discussed above demonstrate that this area of the law remained unsettled until we issued our opinion in *Mulligan*. Therefore, under the *Chevron* analysis, our decision in *Mulligan* adopting Ohio's one-year limitation period for all § 1983 claims can be applied retroactively to bar plaintiff's claims brought in this case.[13]

Upon reconsideration, the motion for rehearing is GRANTED and the judgment of the district court is AFFIRMED.

---

**13.** We emphasize that the outcome of a *Chevron* analysis is always dependent upon the facts present in each individual case. Our opinion in the instant case is not meant to suggest that *Mulligan* must always be applied retroactively to all § 1983 claims arising in Ohio. On the contrary, it is precisely this type of *per se* rule of retroactivity which we have rejected in our opinion on rehearing. Depending upon the particular facts alleged in support of a § 1983 claim, it is entirely possible that a factually analogous pre-*Wilson* case decided within the Sixth Circuit established a clear precedent upon which the plaintiff could have relied, thereby precluding the retroactive application of *Mulligan*. We merely hold that, given the facts and the type of constitutional violation alleged in this case, i.e., a politically motivated discharge from public employment, there was no well-es-

tablished case law determining which Ohio statute of limitations would be most appropriate for that type of claim. Therefore, under these circumstances, *Chevron* does not require that *Mulligan* be restricted to prospective application.

Finally, we note that our conclusion in the instant case is consistent with the recent decision of this court in *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir.1987). In *McSurely*, another panel of this court affirmed the decision of the district court which had used the *Chevron* test to conclude that a Kentucky one-year statute of limitations, adopted in response to *Wilson*, could be applied retroactively to bar the plaintiff's *Bivens* claim. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).