John D. VODILA, Plaintiff–Appellant,

v.

Roderick CLELLAND, Dorothy Demharter, Jim Ghersi, Dr. Donald Cotton, Jr., Dorothy Cooper, William Spiker, Defendants–Appellees.

No. 85–3461.

United States Court of Appeals, Sixth Circuit.

Dec. 28, 1987.

Jay F. McKirahan (argued), Columbus, Ohio, for plaintiff-appellant.

David J. Kovach (argued), Asst. Ohio Atty. Gen., Cleveland, Ohio, for defendants-appellees.

Before KEITH, NELSON and BOGGS, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

The plaintiff in this case, John D. Vodila, was employed as a dentist in a mental hospital operated by the State of Ohio. As an employee in the "unclassified" service,

---

Dr. Vodila had no vested property interest in his job and no contractual right to continued public employment.

On July 20, 1980, Dr. Vodila was discharged for alleged neglect of duty and incompetence. The discharge order was accompanied by a 15–page "Bill of Particulars" accusing him of such things as extracting teeth without first taking x-rays and without administering anesthesia.

On April 6, 1983—approximately two years and nine months after his discharge —Dr. Vodila filed suit against the hospital superintendent and others under 42 U.S.C. § 1983. The complaint alleged that Dr. Vodila had been discharged in a manner that violated various constitutional rights. After review by a magistrate, the district court dismissed the complaint on the defendants' motion. We affirmed the dismissal on the grounds that under *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the timelessness of all § 1983 actions is now governed by the forum state's statute of limitations for personal injury actions; that under *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986), the statute of limitations to which courts must look in determining the timeliness of § 1983 actions in an Ohio forum is O.R.C. § 2305.11, which establishes a one-year limitation period; and that *Mulligan* required us to apply the current law to § 1983 actions filed prior to the Supreme Court's decision in *Wilson v. Garcia,* as well as to actions filed after it.

Our decision affirming the judgment of the district court was rendered in 1986. In two subsequent decisions arising under 42 U.S.C. § 1981, *St. Francis College v. Al-Khazraji,* 481 U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), and *Goodman v. Lukens Steel Co.,* 482 U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), the Supreme Court held that the retroactive application of statutes of limitations adopted under *Wilson v. Garcia* is to be determined in accordance with the principles set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The latter case teaches that under certain circumstances statutes

of limitations decisions are not to be applied retroactively.

On June 26, 1987, —— U.S. ——, 107 S.Ct. 3255, 97 L.Ed.2d 754, the Supreme Court vacated our judgment in the case at bar and remanded the cause for further consideration in the light of *Goodman* and *St. Francis College.* The Supreme Court's action, as our court recently had occasion to observe in another case, "compels the conclusion that the one-year statute of limitations adopted in *Mulligan* for all § 1983 claims brought in Ohio is *not* to be automatically applied retroactively and that the decision as to retroactivity must be made on a case-by-case basis." *Thomas v. Shipka,* 829 F.2d 570, 572 (6th Cir.1987) (footnote omitted).

In *Chevron Oil Co. v. Huson* the Supreme Court noted that the first factor generally considered in cases dealing with the "nonretroactivity question" is this: "the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ..., or by deciding an issue of first impression whose resolution was not clearly foreshadowed...." 404 U.S. at 106, 92 S.Ct. at 355 (citations omitted). This is the most important of the *Chevron* factors for purposes of analyzing a case such as that before us here. See *Thomas,* 829 F.2d at 573.

The most significant question presented in this case, as *Thomas* teaches, is whether the precedents that were available for inspection by Dr. Vodila during the one-year period following his discharge established that he had at least two years and nine months (the length of time he actually waited) in which to file his § 1983 action. Thus if clear past precedent showed that he was entitled to defer the filing of his complaint for up to six years by reason of O.R.C. § 2305.07 (which establishes a six-year limitations period for actions upon a liability created by statute and actions upon a contract not in writing), or up to four years by reason of O.R.C. § 2305.09 (which governs certain non-contractual actions), it would be inequitable for the courts to tell Dr. Vodila, after the fact, that

an action commenced within two years and nine months was not timely filed.

The inequity imposed by a decision's retroactive application is the third factor listed in *Chevron Oil Co. v. Huson,* and in cases such as the one before us the third factor is essentially a reciprocal of the first. The second *Chevron* factor—whether retrospective application of the new rule "will further or retard its operation"—is neutral in the present context. *Thomas v. Shipka,* 829 F.2d at 574.

In a supplemental brief filed after the remand of this case, Dr. Vodila contends that under clear circuit precedent in effect both during the one-year period immediately following his discharge and at the time his suit was actually filed, a § 1983 action involving employment status could be brought in an Ohio forum anytime within a period of six years following the alleged misconduct. If the caselaw supported that contention, we are satisfied that Dr. Vodila's action would not be barred by the one-year statute of limitations despite *Wilson v. Garcia* and *Mulligan v. Hazard.* As we read the pertinent caselaw, however, it does not establish that Dr. Vodila's § 1983 claim was ever subject to a six-year statute of limitations. What it clearly shows, rather, is that the one-year statute of limitations was the one that was applicable.

Dr. Vodila cites three cases in support of his argument: *Schorle v. City of Greenhills,* 524 F.Supp. 821 (S.D.Ohio 1981); *Campbell v. Sirak,* 476 F.Supp. 21 (S.D. Ohio 1979), *aff'd,* 705 F.2d 451 (6th Cir. 1982); and *Mason v. Owens–Illinois, Inc.,* 517 F.2d 520 (6th Cir.1975). None, in our view, carries the day for the doctor.

The earliest decision in Dr. Vodila's trilogy, *Mason v. Owens–Illinois,* was a race discrimination case brought against a private employer under 42 U.S.C. § 1981. The parties agreed that because Congress had failed to provide a statute of limitations for § 1981 actions, the federal court "must apply the statute of limitations of the state where it sits which would be applicable in the most closely analogous state action...." *Mason,* 517 F.2d at 521.

Plaintiff Mason's action was founded upon a federal statute that created a racial discrimination claim unknown at common law, and this court therefore concluded that the most closely analogous action under state law would be "an action upon a liability created by statute"—which meant, under O.R.C. § 2305.07, that the limitations period would be six years.

The method of analysis employed by this court in *Mason* was unquestionably what the controlling caselaw called for at the time, but the results of such an analysis necessarily depend on the facts to which it is applied. Unlike *Mason,* the case at bar is not a race discrimination case, and unlike *Mason* it was not brought to redress a wrong for which no remedy existed at common law. After Dr. Vodila conceded, as he did before the magistrate, that "there appears to be no property interest in Plaintiff's former position," the gravamen of his case was that the defendants had deprived him of a "liberty interest" by wrongfully injuring his reputation and denying him an opportunity to clear his name. In the words of the magistrate's report and recommendation, as adopted by the district court,

> "Plaintiff states that the actions of the Defendants have impugned his good name, reputation, honor and integrity to the extent that his community standing has been seriously harmed and that the Defendants have stigmatized him by publication of said charges so that future employment has been effectively foreclosed. Plaintiff contends that these actions have deprived him of ... liberty interests in his job without due process of law."

*Hines v. Bd. of Education of Covington,* 492 F.Supp. 469 (E.D. Ky. 1980), *aff'd,* 667 F.2d 564 (6th Cir.1982)—a case decided by a district court in this circuit approximately two weeks before Dr. Vodila's discharge— presents a strikingly close parallel. *Hines* was a § 1983 action brought by an untenured school teacher whose contract was not renewed after accusations of sexual misconduct and illegal drug use had been made against her. The teacher did not file

suit until three and a half years after her discharge. The teacher argued that because her claim "involves an employment situation," her action was analogous to one based on a contract not in writing; therefore, she maintained, it ought to be subject to the state statute of limitations applicable to such contract actions. In the alternative, she argued that the limitations period for "an action upon a liability created by a statute" ought to be applicable. Both arguments were rejected by the district court, in an opinion that included these highly pertinent passages:

"Scholarly comment on the statute of limitations problem in civil rights actions has been uniformly critical of the failure of the Supreme Court of the United States to prescribe any definitive standards for making the analogy to the state statute of limitations. This failure has led to widespread confusion, uncertainty, and a lack of uniformity in the lower courts.

\* \* \* \* \* \*

"If this court were writing on a clean slate in this matter, it would be inclined to view the need for certainty and uniformity as an overwhelming consideration and, following the suggestions of the commentators, adopt a single state statutory analogue for all federal civil rights actions.

\* \* \* \* \* \*

"Whatever may be said for such an approach to the problem, however, it would be clearly contrary to the decisions of the Sixth Circuit Court of Appeals on the subject, and this court is not free to adopt it. The Sixth Circuit Court has used the state statute of limitations for a cause of action based on statute in at least two cases [*Garner v. Stephens*, 460 F.2d 1144 (6th Cir.1972); *Mason v. Owens–Illinois, Inc.*, 517 F.2d 520 (6th Cir.1975)], but these involved claims of alleged discrimination based on sex or race, which was a type of action unknown to the common law.

"In other cases, the Sixth Circuit Court has applied other state statutes of limitations, applicable to types of claims which

it has believed to be more similar to the particular federal civil rights action." *Hines*, 492 F.Supp. at 471–72.

The *Hines* court went on to say that the primary interest to be served in the context of that case was the plaintiff's interest in her reputation, while "the operative facts giving rise to the federal cause of action ... would be virtually identical to a state action for slander." *Id.* at 474. "Under existing law," including "the controlling Sixth Circuit cases," the district court concluded that the teacher's action was barred by Kentucky's one-year statute of limitations for slander actions. *Id.* at 475.

Ohio also has a one-year statute of limitations for defamation actions, O.R.C. § 2305.11, and unless the district court's decision in *Hines* was demonstrably wrong, Dr. Vodila could not have examined the caselaw in this circuit during the year following his discharge without concluding that prudence would require him to file his § 1983 action by July 20, 1981. The *Hines* decision was not demonstrably wrong, as this court concluded when it affirmed the decision "for the reasons set forth in the opinion of the District Judge ..." 667 F.2d at 565.

There is nothing contrary to *Hines* in the second decision on which Dr. Vodila relies, *Campbell v. Sirak*, 476 F.Supp. 21 (S.D. Ohio 1979), *aff'd*, 705 F.2d 451 (6th Cir. 1982). The plaintiff in *Campbell* alleged that he had been fired by Ohio State University in retaliation for his exercise of rights guaranteed by the First Amendment and in violation of an oral contract. The district court ruled against plaintiff Campbell on the merits of both claims, but decided that the applicable statute of limitations was O.R.C. § 2305.07, which prescribes a six-year period for bringing actions "upon a contract not in writing, express or implied, or upon a liability created by statute...." *Id.* at 22.

Unlike Dr. Campbell, Dr. Vodila cannot claim that his discharge was in violation of a contract or in retaliation for exercise of his First Amendment rights. Dr. Vodila did allege in his complaint that "[t]he presence of the 'Bill of Particulars' in Plain-

tiff's personnel file has 'frozen' Plaintiff's First Amendment rights by facing him with a 'Hobson's Choice' of whether to grant or refuse access to said file by possible other employers," but, as the magistrate observed, the complaint "does not identify the First Amendment right at issue," and no insight on that mystery was provided by the decisions Dr. Vodila cited in his brief opposing the defendants' motion to dismiss the complaint. It does not appear that Dr. Vodila had any colorable First Amendment claim. If such a claim did exist, however, it had to be based on the contention that the "Bill of Particulars" was defamatory. Under the law as it stood in 1980 and 1981, Dr. Vodila's § 1983 claim was most closely analogous to an Ohio defamation claim, not an Ohio claim upon a liability created by statute.

*Schorle v. City of Greenhills,* 524 F.Supp. 821 (S.D.Ohio 1981), the third decision on which Dr. Vodila relies, had nothing to do with a claim based, as Dr. Vodila's was, on injury to reputation. The plaintiff in *Schorle* sued the defendant city under § 1983 for arresting him under an improper warrant, trying him in a proceeding that violated his rights to counsel and to trial by jury, and sentencing him to imprisonment and a fine double that prescribed by law. The district court declined to analogize the plaintiff's § 1983 claim to any common law tort, and held—on the basis of concepts which, as it acknowledged at page 826, "the Sixth Circuit has not explicitly embraced"—that the plaintiff's claim was subject to O.R.C. § 2305.09, Ohio's four-year statute of limitations for injuries to rights not arising on contract or enumerated in O.R.C. §§ 2305.10 to 2305.12.

The *Schorle* court expressed the "opinion," in *dicta* we find it impossible to reconcile with the holding in *Hines,* that no well-pleaded § 1983 claim could properly be analogized to a simple common law tort, and that all § 1983 claims asserted in an Ohio forum ought to be subject to the four-year limitations period prescribed by O.R.C. § 2305.09, if not to the six-year period prescribed by O.R.C. § 2305.07. These *dicta* are contrary to the decisions of this court in *Austin v. Brammer,* 555 F.2d 142

(6th Cir.1977), where we endorsed the use of a one-year statute of limitations for a § 1983 claim that we considered analogous to a common law claim for false arrest and false imprisonment, and *Carmicle v. Weddle,* 555 F.2d 554 (6th Cir.1977), where we affirmed the application of a one-year statute of limitations to a § 1983 claim that we considered analogous to a common law claim for malicious prosecution. And by affirming the district court's judgment in *Hines* for the reasons set forth in the opinion of the district judge in that case, we implicitly repudiated the *dicta* in *Schorle.* See also *Kilgore v. City of Mansfield, Ohio,* 679 F.2d 632 (6th Cir.1982), where we analogized the plaintiff's § 1983 claim to a common law action for malicious prosecution and false imprisonment and approved the application of Ohio's one-year statute of limitations on that basis. Our opinion in *Kilgore* came after the one-year statute had run on Dr. Vodila's claim, but the judgment of the district court, which we affirmed, did not. That judgment was entered on November 24, 1980—three months before the district court's decision in *Schorle*—and unlike the *dicta* in *Schorle,* it was entirely consistent with the law that was clearly established in this circuit at that time.

Far from being contrary to past precedent, the application of a one-year statute of limitations to the particular § 1983 claim asserted by Dr. Vodila was precisely what the governing precedent of this circuit would have required in 1980 and 1981. We find no merit in Dr. Vodila's contention that the issue was one "of first impression," or that its proper resolution was not even "foreshadowed" until more than one year after the discharge.

Upon reconsideration of our earlier decision, and applying the analysis of *Chevron Oil Co. v. Huson* to the facts of the case before us, we find no reason to refrain from following the usual rule that federal cases should be decided in accordance with the law existing at the time of decision. The judgment of the district court is, again, AFFIRMED.