842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd E. HUMPHRIES, Individually and as Administrator of the
Estate of David N. Humphries; Martha Humphries,
Plaintiffs-Appellants,
v.
CITY OF AKRON; Akron Police Department; Michael L.
Shumaker; Allen Stump, Defendants-Appellees.
 No. 87-3618.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 Before KEITH, BOYCE F. MARTIN Jr., and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs appeal with the assistance of counsel the district court's judgment dismissing their claims filed under 42 U.S.C. Secs. 1983 and 1988 and their pendent state claim filed under Ohio Rev.Code Sec. 2305.21. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Suing the City of Akron, the Akron Police Department, and two Akron police officers, the plaintiffs claimed they were entitled to $7.2 million dollars in damages for the alleged wrongful death of their son, David, who was killed during a high speed chase conducted by the defendant officers. The incident occurred on March 9, 1985 and the action was filed in the district court on March 5, 1987. Upon defendants' motion, the district court dismissed the action as time-barred. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Mulligan v. Hazard, 777 F.2d 340, 344 (6th Cir.1985), cert. denied, 106 S.Ct. 2902 (1986).
 
 
 3
 Upon review, we conclude the district court properly dismissed their suit under the authority of Mulligan. The plaintiffs have not offered sufficient reasons to preclude retroactive application of the one year statute of limitations to this suit. See Vodila v. Clelland, No. 85-3461, slip op. at 3-5 (6th Cir. Dec. 28, 1987); Thomas v. Shipka, 829 F.2d 570, 573 (6th Cir.1987) (on rehearing).
 
 
 4
 Accordingly, we affirm the district court's judgment dated May 27, 1987. Rule 9(b)(5), Rules of the Sixth Circuit.