842 F.2d 332
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
Judge W. BERTELSMAN, et al., Defendants-Appellees.
 No. 87-3402.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves to grant the appeal and to remand this case to the district court. The plaintiff is appealing from the district court's order dismissing the plaintiff's civil rights complaint. 42 U.S.C. Secs. 1981, 1983, 1985(3). This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 May is a resident of Cincinnati, Ohio and is a prolific litigator. The defendants are a district court judge, an Ohio Court of Claims judge, the clerks of the judges' respective courts, two officers of a Cincinnati satellite antenna company, and the corporation itself. Plaintiff alleged that the judges and clerks refused to enter default judgment in his cases and instead dismissed his complaints. Plaintiff alleged that the individual officers of the company and the corporation discharged him because he is an Orthodox Jew.
 
 
 4
 The district court entered an order dismissing the complaint as frivolous under 28 U.S.C. Sec. 1915(d). The court held that the judges were absolutely immune from liability for damages, and that the actions against the judges and the clerks were malicious in terms of Sec. 1915(d). The court held that the action against the officers of the company and the corporate defendant was barred by the appropriate statute of limitations.
 
 
 5
 The district court carefully reviewed the plaintiff's allegations before entering its order. After a similar careful review, we agree with the conclusions of the district court for the reasons stated in its order as to the judges and the court officials.
 
 
 6
 Concerning the dismissals of the claims against the officers of the corporation and the corporation, we note that a statute of limitations issue is an affirmative defense that normally is not an appropriate basis for a sua sponte dismissal. Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983). Therefore, we will remand the claims against the officers of the corporation and the corporation for further proceedings on the statute of limitations issue. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Mulligan v. Hazard, 777 F.2d 340, 344 (6th Cir.1985), cert. denied, 106 S.Ct. 2902 (1986); Thomas v. Shipka, 829 F.2d 570, 572 (6th Cir.1987) (on rehearing).
 
 
 7
 The order of the district court is affirmed in part concerning the judges and the clerks. Rule 9(b)(5), Rules of the Sixth Circuit. The order of the district court is vacated and remanded in part for further proceedings concerning the claims against the officers of the corporation and the corporation. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation