843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Wesley CLYBORN, Plaintiff-Appellant,
v.
George F. SMITH, Hardin County Sheriff; Jack Fry, Hardin
County Deputy Sheriff; Village of McGuffey; Robert Prater;
Amos Bailey; Arthur Krummery; Garland Hicks; Lorinda
Jordan; Paul Spradlin; Ken Spradlin; Leslie Griffin;
Jerrold Gullett; Bradford W. Bailey-Village Solicitor,
Defendants-Appellees.
 No. 86-3780.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1988.
 
 1
 Before LIVELY, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff appeals the judgment of the district court dismissing his civil rights suit filed pursuant to 42 U.S.C. Secs. 1983 and 1985. In his vaguely worded complaint, plaintiff alleged his constitutional rights were violated by a conspiracy between a county sheriff and council members of the Village of McGuffey, Ohio, when he was not hired for a village marshal's position in August of 1983. Plaintiff further alleged that the sheriff and a deputy harassed him and prevented him from obtaining gainful employment. The district court concluded that plaintiff's failure-to-hire claim was time-barred. The district court further granted summary judgment for the defendant sheriff and deputy on the remaining claims after concluding that the plaintiff failed to show any genuine issues of material fact for trial.
 
 
 4
 Upon review we conclude that the district court properly granted summary judgment under the standard set forth in Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In addition, plaintiff's vague and conclusory allegations are devoid of facts and are premised upon mere conclusions and opinions; as such, plaintiff failed to state a cognizable claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 108 S.Ct. 333 (1987).
 
 
 5
 We further conclude the district court correctly determined that plaintiff's claim of failure-to-hire was time-barred. Plaintiff failed to demonstrate that at the time he filed his suit there was clear precedent upon which he justifiably relied establishing a longer limitations period for the type of claim brought by plaintiff under Sec. 1983. See Vodila v. Clelland, No. 85-3461, slip op. at 3 (6th Cir. Dec. 28, 1987); Demery v. City of Youngstown, 818 F.2d 1257, 1264 (6th Cir.1987); Thomas v. Shipka, 829 F.2d 570, 573 (6th Cir.1987). Plaintiff's reliance upon Schorle v. City of Greenhills, 524 F.Supp. 821 (S.D.Ohio 1981) is clearly misplaced. See Thomas, 829 F.2d at 575-76.
 
 
 6
 Accordingly, the judgment of the district court is affirmed for these reasons and for those set forth in the opinions and orders of the district court entered June 5, 1986, and July 21, 1986. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation