848 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
WARNER AMEX CABLE COMMUNICATIONS, Defendant-Appellee.
 No. 88-3158.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1988.
 
 1
 Before MERRITT and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves to expedite the appeal and to reverse and remand this case to the district court. The plaintiff is appealing from the district court's judgment dismissing his civil rights case. 42 U.S.C. Secs. 1981, 1982, 1983, 1985(3), and 2000e et seq. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the memorandum accompanying the plaintiff's motion, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff is a resident of Cincinnati, Ohio and is a prolific litigant. The defendant is a cable television company located in Cincinnati. The plaintiff alleges that the defendant refused to hire him as a sales agent because of religious discrimination. The plaintiff is an Orthodox Jew.
 
 
 4
 The district court entered an order dismissing the complaint as frivolous under 28 U.S.C. Sec. 1915(d). The court held that the plaintiff had not stated valid claims under Sec. 1982 and Sec. 1985(3). The court also held that the plaintiff's Sec. 1981 and Sec. 1983 claims were barred by the appropriate state statute of limitations.
 
 
 5
 Upon consideration, we agree with the conclusions of the district court concerning the Sec. 1982 and Sec. 1985(3) claims. The district court did not address the plaintiff's claim under 42 U.S.C. Sec. 2000e et seq. We will remand the case for further consideration of this claim.
 
 
 6
 Concerning the Sec. 1981 and Sec. 1983 claims, we note that a statute of limitations issue is an affirmative defense that normally is not subject to sua sponte dismissal. Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983). Therefore, we will remand these claims for further proceedings on the statute of limitations issue. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Mulligan v. Hazard, 777 F.2d 340, 344 (6th Cir.1985), cert. denied, 106 S.Ct. 2902 (1986); Thomas v. Shipka, 829 F.2d 570, 572 (6th Cir.1987) (on rehearing).
 
 
 7
 The motion to expedite is denied. The judgment of the district court is affirmed in part concerning the Sec. 1982 and Sec. 1985(3) claims. Rule 9(b)(5), Rules of the Sixth Circuit. The judgment of the district court is vacated and the case is remanded in part for further proceedings concerning the Sec. 1981, Sec. 1983, and Sec. 2000e et seq. claims. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation