863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
Lawrence J. HACKETT, Defendant-Appellee.
Morris MAY, Plaintiff-Appellant,
v.
Lawrence J. HACKETT, Defendant-Appellee.
 Nos. 88-3683, 88-3719.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves to expedite these appeals from the district court's judgment and post-trial order in this civil rights case. 42 U.S.C. Secs. 1981, 1982, and 1983. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is a prolific litigant. The defendant is an Assistant Attorney General for the State of Ohio. In his complaint, the plaintiff alleges that the defendant defamed him during state court proceedings. The district court sua sponte dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 The plaintiff filed a notice of appeal and a motion for a new trial and to amend the judgment on the same day. The district court denied the motion, and the plaintiff filed a second notice of appeal.
 
 
 4
 The filing of the plaintiff's motion for a new trial and to amend the judgment tolled the time for appealing. A notice of appeal filed before the disposition of a time-tolling motion has no effect. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982) (per curiam). Because the plaintiff's first notice of appeal was premature, we will dismiss Case No. 88-3683 for lack of jurisdiction. We will address the merits of plaintiff's case under the second appeal.
 
 
 5
 The district court properly held that the plaintiff did not state a claim under 42 U.S.C. Secs. 1981 and 1982 because he failed to allege intentional discrimination. General Bldg. Contractors Assoc. v. Pennsylvania, 458 U.S. 375, 391 (1982). The court also correctly held that the plaintiff did not state a valid defamation claim under 42 U.S.C. Sec. 1983. See Paul v. Davis, 424 U.S. 693, 700 and 709 (1976). The plaintiff's attempts to bring direct actions under the first and eleventh amendments fail because Sec. 1983 is his exclusive remedy in this situation. Thomas v. Shipka, 818 F.2d 496, 499 (6th Cir.), on rehearing, 829 F.2d 570 (1987). Finally, any pendent state law claim was properly dismissed when the federal claims were dismissed. See Kurz v. Michigan, 548 F.2d 172, 175 (6th Cir.), cert. denied, 434 U.S. 972 (1977) (citing UMW v. Gibbs, 383 U.S. 715, 726 (1966)). For these reasons, the district court correctly dismissed the case as frivolous.
 
 
 6
 The motions to expedite the appeals are denied. Case No. 88-3683 is dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit. And the judgment of the district court in Case No. 88-3719 is hereby affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.