Laurel THOMAS, Plaintiff–Appellant,

v.

Walter SHIPKA, in his capacity as
Clerk of the Parma Municipal
Court, Defendant–Appellee.

No. 86–3230.

United States Court of Appeals,
Sixth Circuit.

Argued March 13, 1987.

Decided April 19, 1989.

Edward G. Kramer (argued), Kramer &
Tobocman Company, L.P.A., Cleveland,
Ohio, for plaintiff-appellant.

Andrew Boyko, Stephan P. Bond (argued), Baumgartner, Breunig, Taylor &

Bond Co., LPA, Elyria, Ohio, Christopher A. Boyko, Parma, Ohio, for defendant-appellee.

Before ENGEL, Chief Judge; * KRUPANSKY and GUY, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.
On remand from the Supreme Court.

The original decision in this case is reported at 818 F.2d 496 (6th Cir.1987). Subsequent to the issuance of that decision, we granted a rehearing as to Part II *only* of the original decision. Part II dealt with the retroactivity of *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). Our court in *Mulligan,* following the dictates of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), chose a one-year statute of limitations to be applied to all 42 U.S.C. § 1983 actions brought in the State of Ohio. The court also determined that the ruling in *Mulligan* was to be applied retroactively.

In our original decision, we explained that one panel of the court could not overrule another panel; however, on petition for rehearing, plaintiff argued that subsequent Supreme Court decisions rendered the retroactivity holding in *Mulligan* erroneous. On the strength of this argument we granted a rehearing, but ultimately determined that *Mulligan* should be retroactively applied to the facts in this case. 829 F.2d 570 (6th Cir.1987).

The plaintiff sought certiorari, which was granted, and the Supreme Court vacated our judgment[1] and remanded for further consideration in light of its decision in *Owens v. Okure,* 488 U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The decision in *Owens* involved the appropriate state statute to be borrowed for purposes of establishing the applicable statute of limitations for section 1983 actions. The Court decided that, where state law provides multiple statutes of limitations for personal injury actions, courts considering section

* The Honorable Albert J. Engel assumed the duties of Chief Judge April 1, 1988.

1. *Thomas v. Shipka,* —— U.S. ——, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989).

1983 claims should borrow the state's general or residual personal injury statute of limitations. Although this is not the issue raised in the case at bar, it nonetheless was clear from *Owens* that we had erred in borrowing Ohio's one-year statute of limitations instead of its two-year general statute. This was an error we recognized ourselves and contemporaneously corrected in our en banc decision in *Browning v. Pendleton,* 869 F.2d 989 (6th Cir.1989).

Accordingly, consistent with the Supreme Court's holding in *Owens v. Okure* and our own holding in *Browning v. Pendleton,* we now vacate the decision reported at 829 F.2d 570 (6th Cir.1987) and remand to the district court for further proceedings. For clarification, we emphasize that, other than Part II and any references to a one-year statute of limitations being applicable, our other holdings in this case reported at 818 F.2d 496 are not affected.