880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Kent RAY, Plaintiff-Appellant,
v.
T.E. JUDD, Major; Jenkins, Correctional Officer; Bowger,
Correctional Officer, Defendants-Appellees.
 No. 88-4186.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Kent Ray, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On April 12, 1985, while an inmate at the Lima, Ohio Correctional Institute, Ray was attacked and injured by his cellmate. Seeking monetary, declaratory and injunctive relief, Ray sued three prison guards alleging they violated his eighth amendment rights when they were deliberately indifferent to his need for safety in that they ignored his requests to remove his mentally ill cellmate from the cell. The magistrate recommended that the defendants' motion for summary judgment be granted finding that the complaint was time-barred by Ohio's one year statute of limitations. Nor was the magistrate persuaded by Ray's argument that his epileptic seizures rendered him of unsound mind so as to toll the running of the limitations period under Ohio Rev.Code Sec. 2305.16. The district court adopted the magistrate's recommendation in its entirety over Ray's timely objections.
 
 
 3
 Upon review, we must vacate the district court's judgment and remand the case for further consideration of the merits of Ray's claim. In Owens v. Okure, 109 S.Ct. 573 (1989), the court held that where state law provides multiple statutes of limitations for personal injury actions, courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions. See Owens, 109 S.Ct. at 582. In Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc), this court held that the two year statute of limitations contained in Ohio Rev.Code Sec. 2305.10 was the appropriate limitations period to apply to a Sec. 1983 civil rights action arising in Ohio. See Browning, 869 F.2d at 992.
 
 
 4
 The state argues that it would be inequitable to apply Owens retroactively where the plaintiff's complaint was clearly untimely under the controlling law of this circuit at the time. See Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986). However, this court has already applied Owens retroactively in a case pending on appeal when Owens was decided. See Thomas v. Shipka, 872 F.2d 772 (6th Cir.1989).
 
 
 5
 In this case, Ray was attacked and injured on April 12, 1985, and the instant complaint was filed on March 27, 1987. Thus, under Owens and Browning, Ray's complaint was timely as it was filed within two years after his cause of action accrued.
 
 
 6
 Accordingly, the district court's judgment is hereby vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.