880 F.2d 1322
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene SPRUCE, Plaintiff-Appellant,
v.
BROWN, Warden; Deloris Broughton, Asst. County Pros.;
Roos, Detective; Mahovlich, Detective; John Doe,
Detective; John Doe, Detective; Freda Doe, Nurse;
Summers, Cpl., Corr. Officer; Griffin, Sgt. Corr. Officer,
Defendants-Appellees.
 No. 88-4037.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge.*
 
 ORDER
 
 2
 Eugene Spruce appeals from the district court's order dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Spruce brought suit alleging that the defendants beat him during a search of his person. The search occurred on December 2, 1983. Spruce filed suit September 18, 1985.
 
 
 4
 The district court concluded that plaintiffs' complaint filed on September 18, 1985 was barred by the Ohio one-year statute of limitations for intentional torts, Ohio Rev. Code Sec. 2305.11. See Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986).
 
 
 5
 Upon consideration, we conclude that plaintiff's complaint was timely. After the district court rendered its judgment, this court overruled its decision in Mulligan and determined that Ohio's two-year statute of limitations for general actions for bodily injury, Ohio Rev.Code Sec. 2305.10, applies to Sec. 1983 actions in Ohio. Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc). We conclude that the factors considered under Chevron Oil Co. v. Huson, 404 U.S. 97 (1971), permit retroactive application of the Browning decision because defendants have not shown that any inequity would result otherwise. Applying the two-year limitations period, we conclude that plaintiff's complaint was timely. Cf. Thomas v. Shipka, 872 F.2d 772 (6th Cir.1989).
 
 
 6
 Therefore, the order of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation