888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth W. JAMISON, Plaintiff-Appellant,
v.
ASHTABULA JOINT VOCATIONAL SCHOOL, Donld Halsey,
Defendants-Appellants.
 No. 89-3043.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1989.
 
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT DEMASCIO*, Senior District Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Kenneth W. Jamison, alleges that he was "constructively discharged" on May 1, 1987 when Ashtabula Joint Vocational School and its superintendent (Ashtabula) allegedly forced him to resign. He had been employed as an Adult Education Coordinator. Jamison further alleges that he learned in January of 1988 that the appellees were "publishing" defamatory statements which interfered with his ability to find other employment. On June 28, 1988, appellant filed suit in federal court, alleging violations of Secs. 1983 and 1985, as well as a substantive due process violation. The trial court dismissed plaintiff's Secs. 1983 and 1985 claims on the ground that the one-year statute of limitations barred these claims and dismissed his due process allegations for failure to state a claim. Subsequently, plaintiff filed a motion under Rule 59(e) to alter or amend the judgment and under Rule 15(a) to amend his complaint to add an additional count. The district court denied both requests. Plaintiff filed the following notice of appeal:
 
 
 2
 Notice is hereby given that Kenneth W. Jamison, Plaintiff, hereby appeals to the United States Court of Appeals for the Sixth Circuit from a judgment denying his Motion to Alter or Amend Judgment and to Amend Plaintiff's Complaint Instanter entered in this action on the 12th day of December, 1988.
 
 
 3
 Jamison contends that the district court incorrectly dismissed his complaint because a two-year statute of limitations applied to his action and that his complaint was filed within that period and is therefore not time-barred. Defendant Ashtabula contends that the notice of appeal filed by the appellant states that he is appealing the trial court's denial of his motion to amend his complaint and/or alter the judgment, not the underlying decision on the statute of limitations.
 
 
 4
 The standard of review of the trial court's denial of a motion to alter or amend the judgment is whether the court abused its discretion. Huff v. Metropolitan Life Insurance Co., 675 F.2d 119 (6th Cir.1982).
 
 
 5
 There is a question concerning whether the district court abused its discretion in denying the motion filed by Jamison on December 12, 1988. At that time, the Supreme Court had not decided Owens v. Okure, --- U.S. ----, 109 S.Ct. 573 (1989), and we had not decided Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989), both of which clearly establish that a two year, not a one year, statute of limitations applies in Ohio to a civil rights claim of this sort. Previously, this court had applied a one-year statute of limitations. See Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985).
 
 
 6
 Despite the procedural difficulties inherent in the filing of the motion under Federal Rule Civil Procedure 59(e) to amend or correct the judgment against Jamison,[1] in the interests of justice we will consider the limitations statute as it should be applied to plaintiff's claims at the time they allegedly arose.
 
 
 7
 We have repeatedly held that we will apply the rulings on the applicability of the two-year statute of limitations to Ohio civil rights cases under Secs. 1983 and 1985 retroactively. See Lundblad v. Celeste, 874 F.2d 1097, 1104 (6th Cir.1989); Thomas v. Shipka, 872 F.2d 772 (6th Cir.1989); Emmons v. McLaughlin, 874 F.2d 351 (6th Cir.1989).
 
 
 8
 Because we believe it would offend principles of justice to foreclose plaintiff's opportunity to be heard based on erroneous application of the one-year statute of limitations, under the circumstances we will REVERSE and REMAND and instruct the district court to apply the two-year statute of limitations to plaintiff's civil rights claims.
 
 
 
 *
 THE HONORABLE ROBERT E. DeMASCIO, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 See Inoyco v. Metropolitan Engineering Co., 708 F.2d 1225, 1232 (7th Cir.1983), cert. denied, 464 U.S. 937 (1983)