948 F.2d 1288
 58 Fair Empl.Prac.Cas. (BNA) 528
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gwendolyn FISH, Plaintiff-Appellant,
v.
NATIONWIDE INSURANCE COMPANY, Defendant-Appellee.
 No. 91-3585.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1991.
 
 1
 Before MILBURN and RALPH B. GUY, JR., Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 Gwendolyn Fish, a pro se Ohio citizen, appeals a district court judgment dismissing her discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a)
 
 
 3
 Fish was an employee of the Nationwide Insurance Company. Her employment with Nationwide was terminated on August 27, 1981. She filed a charge with the EEOC on August 2, 1990. Fish filed her complaint with the district court on September 19, 1990, alleging that her termination by Nationwide violated Title VII and § 1981 because it was discriminatory. She asserted that her termination was motivated by considerations of race and sex.
 
 
 4
 After a review, the district court dismissed the complaint finding: (1) that Fish's claims were barred by the applicable statute of limitations and (2) that her § 1981 action failed to state a claim upon which relief could be granted. Fish filed a timely appeal. She has also requested in forma pauperis status, the appointment of counsel and a transcript at government expense in her brief on appeal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Fish's complaint for the reasons stated in the district court's opinion filed May 21, 1991.
 
 
 6
 First, Fish's complaint with the EEOC was untimely filed, and, thus, enforcement of the action is barred. See Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 620-21 (6th Cir.1983), cert. denied, 466 U.S. 950 (1984). Moreover, despite Fish's numerous submissions to the district court, she simply has not demonstrated reasons for the application of the principle of equitable tolling to her untimely Title VII claim. See Andrews v. Orr, 851 F.2d 146, 150-51 (6th Cir.1988). Similarly, Fish's § 1981 action is barred by the applicable statute of limitations. See Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir.1989); Thomas v. Shipka, 872 F.2d 772 (6th Cir.1989). Finally, even if Fish's § 1981 action was not barred by the applicable statute of limitations, her action fails to state a claim upon which relief can be granted pursuant to § 1981. See Patterson v. McLean Credit Union, 491 U.S. 164, 171 (1989).
 
 
 7
 Accordingly, the request for in forma pauperis status is hereby denied as moot, the requests for counsel and for a transcript at government expense are hereby denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation