19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marie CULLY, Plaintiff-Appellant,
v.
GRACE HOSPITAL; Lutheran Medical Center; Paul Cutlip;
Richard Whelan; Michael Frantz; Daniel Ward; Greater
Cleveland Hospital Association; John Carroll; John Doe,
Ohio Bureau of Employment Services; Richard Agopian;
William O'Neill; Metro General Hospital; Donald J.
Vibbert; S. Smith; James S. Coleman; Barbara Thompson;
St. Alexis Hospital Association, Defendants-Appellees.
 No. 93-3934.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: NELSON and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Marie Cully, a pro se Ohio resident, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985, and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Cully sued hospitals, private citizens, attorneys, and state employees because of her discharge from employment by various employers. Since 1985, Cully has filed numerous complaints in both state and federal courts against the defendants alleging employment discrimination, wrongful discharge, retaliatory discharge, fraud, and conspiracy. In each instance the complaints have been dismissed. In 1988, Cully filed her current action in the Cuyahoga County (Ohio) Common Pleas Court raising essentially the same issues that she had previously litigated. The case was removed to the United States District Court for the Northern District of Ohio. Upon de novo review of a magistrate judge's report, the district court dismissed the action, granting defendants' motions to dismiss, for summary judgment, and for judgment on the pleadings.
 
 
 3
 In her timely appeal, Cully argues that: 1) the case was improperly removed; 2) the doctrine of res judicata did not bar her cause of action; 3) the statute of limitations had not expired; 4) her claims should not have been dismissed for want of prosecution; and 5) the state officials were not entitled to immunity. She requests oral argument.
 
 
 4
 Because matters outside the pleadings were reviewed and considered by the district court, it resolved the case by summary judgment. Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991).
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 6
 Upon de novo review, we conclude that the defendants were entitled to summary judgment. Cully's complaint was properly removed to the United States District Court for the Northern District of Ohio. Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir.1990). The district court properly dismissed the complaint as to defendants Grace, LMC, Cutlip, Whelan, Frantz, and Ward based on the doctrines of claim preclusion and issue preclusion. Montana v. United States, 440 U.S. 147, 153-54 (1979); United States v. Three Tracts of Property, 994 F.2d 287, 290 (6th Cir.1993). Furthermore, the statute of limitations has run as to these defendants. Thomas v. Shipka, 872 F.2d 772, 772-73 (6th Cir.1989); see also Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989).
 
 
 7
 The district court did not abuse its discretion in dismissing Cully's complaint as to defendants Agopian and Jurczenko for failure to prosecute as Cully had not attempted to litigate her claims against these defendants for approximately five years. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). The state defendants are entitled to immunity from monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). Finally, Cully did not state a continuing constitutional violation so as to warrant injunctive relief. See Green v. Mansour, 474 U.S. 64, 73 (1985).
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's judgment based on the reasoning in its memorandum and order. Rule 9(b)(3), Rules of the Sixth Circuit.