52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Earl David BOCOOK, Plaintiff-Appellant,
Calvin F. Osborne, Plaintiff,
v.
Richard F. CELESTE, et al., Defendants-Appellees.
 No. 94-4241.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Earl David BoCook, pro se, appeals a district court order granting summary judgment in favor of the defendants in this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 BoCook is a former Ohio prisoner who was incarcerated at the Orient Correctional Institution (OCI) at the time of the alleged constitutional violations. This complaint was originally filed by BoCook and Calvin F. Osborne, who named as defendants Richard F. Celeste, former Governor of Ohio; Anthony Celebreeze, Jr., former Attorney General for the State of Ohio; Richard Seiter, Director of the Ohio Department of Rehabilitation and Correction at the time of the alleged violations; and T.D. Taylor, the warden at OCI at the time of BoCook's incarceration there. The complaint alleged approximately 26 separate constitutional violations under the First, Eighth and Fourteenth Amendments. The plaintiffs demanded injunctive and declaratory relief, as well as monetary damages. This action is related to a prior class action suit originally commenced in 1984 by plaintiff BoCook and other state prisoners incarcerated at OCI who challenged the conditions of confinement at that facility. See Norman v. Voinovich, C-2-84-2142 (S.D. Ohio Sept. 24, 1992). That prior litigation was resolved in 1992 when the parties entered into a Settlement Agreement, later adopted as an order of the court.
 
 
 4
 In this case, the district court dismissed the complaint as to defendants Celeste and Celebreeze for failure to state a claim under Fed.R.Civ.P. 12(b)(6). See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). The district court dismissed defendant Seiter because this defendant was never properly served pursuant to Fed.R.Civ.P. 4(j). Next, the court concluded that defendant Taylor had not violated BoCook's right to access to the courts, because the prisoner had not shown that he was somehow prejudiced in the prosecution or defense of any case then pending. See Bounds v. Smith, 430 U.S. 817, 821 (1977); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Lastly, the district court concluded that four defendants who BoCook had added in a subsequent modified complaint could be dismissed because the claims were barred by Ohio's statute of limitations applicable to Sec. 1983 civil rights actions. See Ohio Rev.Code Ann. Sec. 2305.10 (Anderson 1991); Wilson v. Garcia, 471 U.S. 261, 268-69 (1985); Thomas v. Shipka, 872 F.2d 772, 772 (6th Cir.1989).
 
 
 5
 BoCook, alone, appeals the district court's resolution of this matter. On appeal, BoCook first argues that he and the other members of the plaintiff class who brought the prior action for injunctive relief had the "right" to file their civil rights suit and that they were entitled to file supplemental complaints with leave of the court at any time during the pendency of the case. He next argues that he is entitled to a jury trial to determine damages in this action. Third, BoCook argues the merits of all his original claims, including the alleged violations of his constitutional rights under the First, Eighth and Fourteenth Amendments. Next, BoCook claims that all of the defendants-appellees were properly served according to law and accuses the court system and federal marshals of never attempting to serve his complaint upon the defendants who the district court eventually dismissed for lack of proper service. Lastly, BoCook accuses the district court of displaying "prejudice and bias" against him on the basis of "reverse discrimination."
 
 
 6
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). Whether a district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). Upon careful review, this court concludes that the district court properly dismissed this civil rights complaint for the reasons stated by that court.
 
 
 7
 Accordingly, the district court's order granting summary judgment in favor of the defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation