56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Glen Frederick MULLINS, Plaintiff-Appellant,
v.
Robert BOYLE; Kent Forrest, Sgt., Defendants-Appellees.
 No. 94-3674.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: KRUPANSKY, MILBURN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Glen F. Mullins, a pro se Ohio prisoner, appeals a district court judgment dismissing his lawsuit which was construed as having been brought pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary relief, Mullins sued two police officers in their individual capacities for false arrest which occurred on October 14, 1991. Mullins was indicted and convicted on three counts of receiving stolen property as a result of the October 14, 1991 arrest. Mullins did not file his Sec. 1983 lawsuit until October 29, 1993.
 
 
 3
 The district court granted the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), finding that Mullins's lawsuit was barred by Ohio's two-year statute of limitations. On appeal, Mullins continues to argue the merits of his case. For the first time on appeal, Mullins argues that his cause of action may have accrued on October 14, 1991, but the constitutional violation continued until he was convicted on February 3, 1992, thus bringing him within the two-year time limit.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Mullins's Sec. 1983 lawsuit for failure to state a claim because, even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 5
 Mullins's Sec. 1983 lawsuit is time-barred. Ohio's two-year statute of limitations set forth in Ohio Rev. Code Ann. Sec. 2305.10 is to be applied to civil rights claims arising in Ohio. Thomas v. Shipka, 872 F.2d 772, 772 (6th Cir. 1989); Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). In this case, Mullins's cause of action accrued on October 14, 1991, when the defendants arrested him for aggravated robbery. Mullins did not file his complaint until October 29, 1993 (with service having been completed on December 7, 1993), more than two years after his cause of action accrued. Because Mullins filed his civil rights complaint more than two years after his cause of action accrued, his lawsuit is barred by Ohio's two-year statute of limitations. We do not consider Mullins's argument, that the violation of his constitutional rights continued until he was convicted on February 3, 1992, which he raises for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.